IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARVIN VANCE,

       Plaintiff,               :             Case No. 3:06-cv-189

       -vs-                                          Chief Magistrate Judge Michael R. Merz

                                          :

DEPARTMENT OF VETERANS
 AFFAIRS,

       Defendant.

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

This case is before the Court on Defendant's Motion to Dismiss (Doc. No. 4), Plaintiff's Response (Doc. No. 7), and Defendant's Reply (Doc. No. 10).

Plaintiff originally brought this action in the Small Claims Division of the Dayton Municipal Court, seeking $3,000 in back pay.[1]  Mr. Vance's Complaint did not state why he thought he was entitled to back pay.  The United States removed the case to this Court as it was entitled to do under 28 U.S.C. § 1442.

Because Mr. Vance's claim was unclear, the United States initially believed that it was a re-filing of a prior claim made in this Court which it had definitively settled with Mr. Vance (*Vance v. United States*, Case No. 3:01-cv-380).  It moved to dismiss on *res judicata* grounds.

Mr. Vance responded with a brief request that his case not be dismissed, supported by a

---

[1] It is unclear whether Plaintiff believes he is only entitled to $3,000 or whether he limited his claim to that amount because that is the jurisdictional limit of the small claims division of a municipal court.

number of purported personnel action forms.  Those forms show that this is not the same dispute as the previous one.  The prior dispute ended with Mr. Vance's being placed "permanently" in a GS 7 position.  The present dispute involves at least some steps for reclassifying the GS 9 inventory management specialist position he holds or held to a GS 11 Administration Officer position.

Now understanding that this is a new dispute, the Government contends this Court does not have jurisdiction because the only possible basis for the claim being made is the Back Pay Act and Plaintiff is not entitled to relief under that Act.

The case authority cited by Defendant makes it clear that a federal employee is not entitled to back pay because he or she performed work at a different grade level unless the employee has actually been placed in a position at that level by a person with authority to do so.  The Affidavit of Bobbie Clark, attached to Defendant's Reply Brief, makes it clear that Plaintiff has never been promoted to a GS11 position, however much work he may have done which would be appropriately classified at the GS 11 level.  To put it another way, Congress has not authorized the federal courts to supervise personnel decisions of this sort by the executive branch of government.

Because the Court lacks authority to decide the issues presented by Plaintiff, the Motion to Dismiss is granted and the Clerk will enter judgment dismissing the case without prejudice for lack of subject matter jurisdiction.

October 2, 2006.

> s/ Michael R. Merz
> Chief United States Magistrate Judge

H:\DOCS\Vance v. VA 02.wpd